1

2

3

4

5

6

7

**O**
**JS-6**

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

11   VANESSA MARQUINA,                         Case No. 2:13-cv-04237-ODW(AJWx)

12                     Plaintiff,              **ORDER REMANDING CASE TO**
                                              **LOS ANGELES COUNTY**
13          v.                                 **SUPERIOR COURT**

14   FERGUSON ENTERPRISES, INC., and
     DOES 1–50, inclusive,

15                     Defendants.

16

17          On June 12, 2013, Defendant Ferguson Enterprises, Inc. filed a Notice of

18   Removal.  But after carefully considering the papers filed with the Notice, the Court

19   determines that Ferguson has failed to satisfy its burden of establishing federal

20   jurisdiction.  The Court therefore **REMANDS** this action to Los Angeles County

21   Superior Court.

22          Federal courts are courts of limited jurisdiction, having subject-matter

23   jurisdiction only over matters authorized by the Constitution and Congress.  U.S.

24   Const. art.  III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

25   375, 377 (1994).  A suit filed in state court may be removed to federal court if the

26   federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).

27   But courts strictly construe § 1441 against a finding of removal jurisdiction, and

28   "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal

1    in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The

2    party seeking removal bears the burden of establishing federal jurisdiction.  *Durham v.*

3    *Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at

4    566).

5            Federal courts have original jurisdiction where an action presents a federal

6    question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.

7    Ferguson does not assert federal-question jurisdiction under 28 U.S.C. § 1331.  To

8    exercise diversity jurisdiction under § 1332, a federal court must find complete

9    diversity of citizenship among the adverse parties, and the amount in controversy must

10   exceed $75,000, usually exclusive of interest and costs.  28 U.S.C. § 1332(a).

11           For the purposes of complete diversity, a natural person's citizenship is

12   "determined by her state of domicile, not her state of residence."  *Kantor v. Warner-*

13   *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135

14   F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction

15   of a cause in the District Court of the United States is not dependent upon the

16   residence of any of the parties, but upon their citizenship.").

17           Ferguson's Notice of Removal asserts that diversity exists in this matter

18   because Plaintiff Vanessa Marquina is a citizen of California and Ferguson is a citizen

19   of Virginia.  Ferguson's citizenship contentions as to Marquina are premised on

20   Marquina's allegation in her Complaint that she "was, and now is, an individual

21   residing within the County of San Bernardino, State of California."  (Notice of

22   Removal ¶ 8 (citing Compl. ¶ 3).)  "Plaintiff, therefore, is," Ferguson concludes, "a

23   citizen of California." (*Id.*)

24           But Ferguson's logic is flawed.  Residency allegations alone are inadequate to

25   establish citizenship.  While a party's residence may be prima facie evidence of that

26   party's domicile when an action is *originally* brought in federal court, residency

27   allegations in a complaint alone do not suffice to establish citizenship on removal in

28   light of the strong presumption against removal jurisdiction.  *See State Farm Mut.*

*Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see Kantor*, 265 F.3d at 857; *Gaus*, 980 F.2d at 567.  And Ferguson cites no other objective facts to establish that Hernandez is a California citizen, such as "voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  Fergusson therefore fails to establish complete diversity in this matter.

Because Ferguson fails to sufficiently establish diversity jurisdiction on removal, the Court **REMANDS** this case to the Los Angeles County Superior Court, 111 N. Hill Street, Los Angeles, CA 90012, case number BC507624.  *See* 28 U.S.C. § 1447(c).  All remaining hearings on calendar are hereby **VACATED**.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

June 26, 2013

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**